**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:**  CV 13-05511 SJO (SSx)          **DATE:**  August 13, 2013

**TITLE:**          Michael Hovsepian 35%, et al. v. Christopher Pae

========================================================================

**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                      Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                          Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING EX PARTE APPLICATION TO REMAND** [Docket No. 6]**; REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Plaintiffs Michael Hovsepian 35%, Isabel Huntington LLC 35%, and Flight 2010 LLC 35%'s (collectively, "Plaintiffs") Ex Parte Application for Order Remanding Improperly Removed Action ("Application"), filed on July 31, 2013.  Defendant has not filed a response to Plaintiffs' Application.  The Court finds this matter suitable for disposition without oral argument.  *See* Fed. R. Civ. P. 78(b).  For the following reasons, the Court **DENIES** Plaintiffs' Application, but nonetheless **REMANDS** this action, *sua sponte*, to Los Angeles County Superior Court.

I.      BACKGROUND

On May 1, 2013, Plaintiffs Michael Hovsepian 35%, Isabel Huntington LLC 35%, and Flight 2010 LLC 35% (collectively, "Plaintiffs") filed their Complaint in the Los Angeles County Superior Court claiming unlawful detainer.  Plaintiffs allege that Defendant is unlawfully possessing the property located at 5151 Ramsdell Avenue, La Crescenta, California, after being served with a Notice to Quit.  (*See generally* Notice of Removal ("Second Notice"), Ex. A ("Compl."), ECF No. 1.)  On July 11, 2013, Defendant, proceeding *pro se*, removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  *See generally* Order Remanding Action ("Order"), *Michael Hovsepian 35%, et al. v. Christopher Pae*, No. 13-CV-04980-SJO-SS (C.D. Cal. July 26, 2013). The Court found that Defendant had failed to establish federal subject matter jurisdiction and remanded the action back to state court.  *See id.*  Specifically, this Court held that Defendant's assertion of a defense that raises a federal question does not confer federal jurisdiction.

On July 31, 2013, Defendant removed the action to federal court a second time, asserting federal question jurisdiction under 28 U.S.C. § 1331.  (Second Notice 2.)  Defendant raises his own cause of action for a violation of the Real Estate Settlement Procedures Act.  (Second Notice 2-3.) Plaintiffs filed the instant Application on August 6, 2013, requesting that the Court remand this action to state court on an ex parte basis.  (*See generally* Appl., ECF No. 6.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:  CV 13-05511 SJO (SSx)**          **DATE:  August 13, 2013**

## II.    DISCUSSION

The Court first determines whether Plaintiffs' Application warrants ex parte relief, and then addresses whether the Court has subject matter jurisdiction over this action.

### A.    Plaintiffs' Application for Ex Parte Relief

As a procedural matter, a request for ex parte relief must contain two distinct parts.  The first part addresses why the moving party must bypass the regular noticed motion procedures.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  The second part consists of "papers identical to those that would be filed to initiate a regular noticed motion," except that the papers are "denominated as a 'proposed' motion and they show no hearing date." *Id.*  Plaintiffs' Application is procedurally insufficient because it lacks the first element.  (*See generally* Appl.)  Accordingly, the Court **DENIES** Plaintiffs' Application.

### B.    *Sua Sponte* Consideration of Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case.  28 U.S.C. § 1447(c).  The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  As such, the Court finds it appropriate to determine whether subject matter jurisdiction exists here.

### C.    Defendant's Notice of Removal

Under the removal statute, an action is removable to federal court only if it could have been originally filed in federal court.  28 U.S.C. § 1441(a).  The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  This presumption against removal is consistent with the notion that federal courts are courts of limited jurisdiction, possessing "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (internal quotation marks omitted).

The Court does not have federal question jurisdiction in this case because the Complaint does not claim a right arising under federal law.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal quotation

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** CV 13-05511 SJO (SSx)          **DATE:** August 13, 2013

marks omitted).  Pursuant to the well-pleaded complaint rule, a defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002).

Here, Plaintiffs' Complaint asserts only one cause of action for unlawful detainer arising out of California Code of Civil Procedure section 1161(a).  (*See generally* Compl.)  Although Defendant has asserted that Plaintiffs violated a federal statute, this argument is a counterclaim and, pursuant to the well-pleaded complaint rule, is insufficient to move the case from state to federal court.  *See Vaden*, 556 U.S. at 60.  Because Plaintiffs' cause of action arises under the laws of the state of California and not the United States, Defendant cannot establish federal question jurisdiction.

III.     RULING

For the foregoing reasons, the Court **DENIES** Plaintiffs' Application and **REMANDS** this action to the Superior Court of California for the County of Los Angeles.  This action shall close.

IT IS SO ORDERED.